UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| GISELLE CRAVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-CV-70-SRW |
| | ) |
| MARY ZIMMER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. Plaintiff Giselle Cravens commenced this civil action on October 9, 2024, alleging violations of her civil rights at Chillicothe Correctional Center. ECF No. 1. On May 22, 2025, the Court directed Plaintiff to file an amended complaint and pay an initial filing fee of $157.99. ECF No. 9. Plaintiff filed her amended complaint on June 26, 2025, and paid her initial fee on July 1, 2025. ECF Nos. 10 and 12. Because Plaintiff is proceeding *in forma pauperis*, her amended complaint is subject to review under 28 U.S.C. § 1915. Based on such review, the Court will direct Plaintiff to file a second amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brought this civil rights action alleging defendants violated her constitutional rights during her incarceration at Women's Eastern Reception, Diagnostic and Correctional Center (WERDCC). ECF No. 1. Plaintiff named as defendants 15 members of the custodial staff at WERDCC. *Id*. The complaint alleged numerous claims relating to a variety of issues over a 10-month period of incarceration, including a body cavity search of Plaintiff while she was 33

weeks pregnant, retaliation, verbal abuse, destruction of her personal property, failure to protect, and improper conditions of confinement. *Id.* at 8-12.

On May 22, 2025, the Court ordered Plaintiff to file an amended complaint. ECF No. 9. The Court explained that Plaintiff could not bring unrelated claims against unrelated defendants, and needed to either pursue one transaction or occurrence, or one defendant. The Court directed Plaintiff on how to file an amended complaint, including how to format her statement of claim. Plaintiff was explicitly directed to write each defendant's name and "set forth the factual allegations supporting her claim against that defendant." *Id.* at 3.

**Amended Complaint**

On June 26, 2025, Plaintiff filed her amended complaint against five defendants related to events leading up to and including the body cavity search. Plaintiff describes that on November 9, 2023, Defendant Sergeant York placed her in restraints and told her she was being taken to medical for an exam. ECF No. 10 at 3. Plaintiff was 33 weeks pregnant at this time. *Id*. Two female corrections officers, Defendants Graham and Zimmer, then took Plaintiff to the bathroom for a urine analysis. *Id*. Plaintiff complains that the bathroom was not checked for paraphernalia before she was sent into the stall to produce a urine sample. *Id*. Zimmer stated Plaintiff was taking too long and grabbed Plaintiff's arm and pulled her off the toilet. *Id*. at 4. Zimmer then discovered a bag with white powder in the toilet. *Id*. Plaintiff was then taken to the office of Defendant Mary Miller, a nurse practitioner. *Id*. Plaintiff was told a body cavity search would be performed and "they" threatened that she would be punished if she did not consent to the search. *Id*. Plaintiff contends that, over her objections, a cavity search was performed. *Id*. She does not specify if it was a visual cavity search or a manual cavity search. While she was in Miller's office, York reported that Defendant Angela Messmer, the Warden of WERDCC,

3

demanded an anal cavity search as well. *Id*. Plaintiff continued to protest that she did not consent to any cavity search, but the search was performed anyway. *Id*. Plaintiff alleges a pap smear was also performed, to which she did not consent. *Id*.

Throughout her Statement of the Claim, Plaintiff refers to "they" and "them" without a clear referent. Plaintiff makes such statements as, "[t]hey violated my 4th amendment," "[t]hey told me if I don't comply they were going to take me to the hole and have me placed on suicide watch…," and "[t]hey also did a pap smear to try to cover their tracks." *Id*.

Plaintiff claims to have suffered several injuries including bowel problems, mental anguish, loss of sleep, loss of appetite, night terrors, and paranoia. *Id.* at 6. Plaintiff also alleges that her child sees a specialist for his hips, which Plaintiff relates to the body cavity search. *Id*. She requests compensation for her trauma, a violation placed in the defendants' files, and compensation for her son's medical bills. *Id*. at 7.

## Discussion

After careful review and liberal construction of the self-represented amended complaint, the Court will direct Plaintiff to file a second amended complaint. Plaintiff's amended complaint does address the Court's prior concern relating to the issue of joinder. However, Plaintiff still fails to put the defendants on notice of the accusations alleged against them.

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Plaintiff must explain the role of each defendant, so that all of the defendants will have notice of what he or she is accused of doing or failing to do. *See Topchian v.*

4

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

The crux of Plaintiff's claim is an allegedly unlawful body cavity search. But at no point in the amended complaint does Plaintiff state which defendant or defendants performed the body cavity search. Nor does she state which defendant or defendants threatened to send her to the hole if she did not comply with the body cavity search. Several key allegations in the complaint are general or conclusory statements. It is unclear whether Plaintiff intends to refer to all five defendants in making such statements, or a smaller subset of defendants, or even just one defendant.

The Court will allow Plaintiff another opportunity to amend her complaint to bring it into compliance with Rule 8. The Court reminds Plaintiff that the filing of a second amended complaint completely replaces the original complaint and the amended complaint, so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from any other complaints or supplements that are not included in the second amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must type or neatly print the second amended complaint on the Court-provided prisoner civil rights complaint form, and the second amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

**In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should**

**write the specific facts supporting her claim or claims against that defendant. If Plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting her claim or claims against that defendant.**

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within **thirty (30) days** of the date of this Order. Plaintiff is advised that her second amended complaint will take the place of her original filing and her amended complaint and will be the only pleading that this Court will review.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of September, 2025.