**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| GISELLE CRAVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-CV-70-SRW |
| | ) | |
| MARY ZIMMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon review of the file. Plaintiff Giselle Cravens commenced this civil action on October 9, 2024, alleging violations of her civil rights at Women's Eastern Reception, Diagnostic and Correctional Center (WERDCC). ECF No. 1. On May 22, 2025, the Court directed Plaintiff to file an amended complaint and pay an initial filing fee of $157.99. ECF No. 9. Plaintiff filed her amended complaint on June 26, 2025, and paid her initial fee on July 1, 2025. ECF Nos. 10 and 12. On September 4, 2025, the Court reviewed Plaintiff's amended complaint and directed Plaintiff to file a second amended complaint. Plaintiff filed her second amended complaint on October 8, 2025. ECF No. 15. The Court reviews this complaint under 28 U.S.C. § 1915. Based on such review, the Court will give Plaintiff a final chance to amend.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brought this civil rights action alleging defendants violated her constitutional rights during her incarceration at WERDCC. ECF No. 1. Plaintiff named as defendants 15 members of the custodial staff at WERDCC. *Id*. The complaint alleged numerous claims relating

2

to a variety of issues over a 10-month period of incarceration, including a body cavity search of Plaintiff while she was 33 weeks pregnant, retaliation, verbal abuse, destruction of her personal property, failure to protect, and improper conditions of confinement. *Id.* at 8-12.

On May 22, 2025, the Court ordered Plaintiff to file an amended complaint. ECF No. 9. The Court explained that Plaintiff could not bring unrelated claims against unrelated defendants, and needed to either pursue one transaction or occurrence, or one defendant. The Court directed Plaintiff on how to file an amended complaint, including how to format her statement of claim. Plaintiff was explicitly directed to write each defendant's name and "set forth the factual allegations supporting her claim against that defendant." *Id.* at 3.

### Amended Complaint

On June 26, 2025, Plaintiff filed her amended complaint against five defendants related to events leading up to and including the body cavity search. Plaintiff described that on November 9, 2023, Sergeant York placed her in restraints and told her she was being taken to medical for an exam. ECF No. 10 at 3. Plaintiff was 33 weeks pregnant at this time. *Id*. She described being taken to the bathroom for a urine analysis and states the stall and toilet were not properly checked before she entered. *Id*. at 4. After a bag of white powder was discovered in the toilet that Plaintiff was using, she was then taken to the office of Defendant Mary Miller, a nurse practitioner. *Id*. Plaintiff was told a body cavity search would be performed, and "they" threatened that she would be punished if she did not consent to the search. *Id*. Plaintiff contends that, over her objections, a cavity search was performed. *Id*. She did not specify if it was a visual cavity search or a manual cavity search, or who performed the search. While she was in Miller's office, York reported that Defendant Angela Messmer, the Warden of WERDCC, demanded an anal cavity search as well. *Id*. Plaintiff continued to protest that she did not consent to any cavity

3

search, but the search was performed anyway. *Id*. Plaintiff alleged a pap smear was also performed, to which she did not consent. *Id*.

On September 4, 2025, the Court directed Plaintiff to file a second amended complaint. ECF No. 14. The Court explained that Plaintiff needed to provide specific allegations against the defendants and avoid general or conclusory statements.

**Second Amended Complaint**

On October 8, 2025, Plaintiff filed her second amended complaint. ECF No. 15. Much of the complaint itself is blank with a three-page attachment. In the attachment, Plaintiff again describes the events of November 9, 2023. She was 33 weeks pregnant and was taken to the bathroom for a urine analysis. ECF No. 15-1 at 2. She alleges that the stall and toilet were not properly checked before she entered. *Id*. After the urine was collected, she was taken back to Defendant Miller's office. *Id*. Miller told Plaintiff there was to be an exam. *Id*. at 3. When Plaintiff asked what exam, Miller informed Plaintiff she would be performing a manual vaginal exam on Plaintiff. *Id*. Plaintiff did not consent to the search. *Id*. Another officer then told Miller, "The warden said anal too." *Id*. Plaintiff describes becoming hysterical and trying to resist the manual anal exam. *Id*. An officer threatened Plaintiff she would be placed in ad-seg for resisting. *Id*. Plaintiff did not care and refused to consent, but the search was still performed. *Id*. Plaintiff also insists there was no search warrant. *Id*.

Plaintiff advised in her second amended complaint that she was currently in ad-seg, and she had no access to her legal documents relating to this case. *Id*. at 1. She stated this was all she could provide at the time and can add more information after she is released from ad-seg. *Id*. She advised she previously submitted all the information, but she needed more time to complete the complaint. ECF 15 at 3.

**Discussion**

After careful review and liberal construction of the self-represented amended complaint, the Court will direct Plaintiff to file a third amended complaint. Plaintiff's second amended complaint is largely blank. She does provide pages that describe the actions that took place on November 9, 2023, but she does not list any injuries or request relief in the relevant sections of the complaint. It is also unclear who she intends to name as defendants. She lists "Zimmer" in the caption but does not list her as a defendant in the body of the complaint. In fact, in the second amended complaint, only Angela Messmer and Mary Miller are listed as defendants, though it is not clear if that was intentional, as she continues to describe actions of Zimmer and others as well.

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Plaintiff must explain the role of the defendant(s), so that the defendant(s) will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

The Court will allow Plaintiff another opportunity to amend her complaint now that she is out of ad-seg and should have access to her records. The Court reminds Plaintiff that the filing of a third amended complaint **completely replaces the original complaint and the amended complaint, so it must include all claims Plaintiff wishes to bring.** *See In re Wireless Tel. Fed.*

*Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from any other complaints or supplements that are not included in the third amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must type or neatly print the third amended complaint on the Court-provided prisoner civil rights complaint form, and the third amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

**In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting her claim or claims against that defendant. If Plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting her claim or claims against that defendant.**

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within **thirty (30) days** of the date of this Order. Plaintiff is advised that her third amended complaint will take the place of her original filing and her amended complaint and her second amended complaint and will be the only pleading that this Court will review.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 9th day of February, 2026.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE